1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RONALD LLAMAS GALINDEZ,

11            Plaintiff,              No. CIV S-11-2702 LKK CKD P

12       vs.

13   SOLANO PUBLIC GARDEN, et al.      ORDER AND

14            Defendants.            FINDINGS AND RECOMMENDATIONS

15   _____/

16            On December 22, 2011, the court recommended that this action be dismissed

17   without prejudice for plaintiff's failure to submit an application to proceed in forma pauperis

18   (IFP) or pay the filing fee, as required by its order of November 17, 2011.  See Findings and

19   Recommendations (Docket No. 10).  Plaintiff has filed objections, claiming he submitted an

20   application within the time required.  However, the court has no record of receiving an

21   application from him.

22            The court's ordinary practice is to give considerable leeway to pro se litigants in

23   assessing whether they have attempted in good faith to meet the procedural requirements for

24   proceeding with their claims.  Even accepting plaintiff's representation about his attempt to

25   comply with the court's November 17 order as true, the court is of the opinion that allowing

26   plaintiff to re-submit an IFP application would be futile because the allegations of the complaint

1

1  cannot pass the scrutiny the court must give them under 28 U.S.C. § 1915A(a).  Under that

2  statute, the court must dismiss a complaint or portion thereof if the prisoner has raised claims that

3  are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

4  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

5  § 1915A(b)(1),(2).

6         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

7  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

8  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

9  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

10  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

11  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

12  Cir. 1989); Franklin, 745 F.2d at 1227.

13         When considering whether a complaint states a claim upon which relief can be

14  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

15  (2007), and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v.

16  Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than

17  those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive

18  dismissal for failure to state a claim, a pro se complaint must contain more than "naked

19  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

20  action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

21  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

22  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

23  claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at

24  570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

25  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

26  Iqbal, 129 S. Ct. at 1949.  Attachments to a complaint are considered to be part of the complaint

2

1    for purposes of a motion to dismiss for failure to state a claim.  <u>Hal Roach Studios v. Richard</u>

2    <u>Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

3            Plaintiff's allegations are rambling, mostly incoherent and, to the extent they are

4    understandable, patently implausible.  Under 28 U.S.C. § 1915A(a) and <u>Iqbal</u>, the complaint

5    should be dismissed without leave to amend.

6            Accordingly, IT IS HEREBY ORDERED that the findings and recommendations

7    of December 22, 2011, are vacated.

8            IT IS RECOMMENDED that the complaint be dismissed without leave to amend

9    and this case closed.

10           These findings and recommendations are submitted to the United States District

11    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

12    one days after being served with these findings and recommendations, any party may file written

13    objections with the court and serve a copy on all parties.  Such a document should be captioned

14    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

15    shall be served and filed within fourteen days after service of the objections.  The parties are

16    advised that failure to file objections within the specified time may waive the right to appeal the

17    District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

18    Dated: February 27, 2012

19

20                            CAROLYN K. DELANEY
                            UNITED STATES MAGISTRATE JUDGE

21

22

23    3

24    gali2702.57

25

26